UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JACOB GOLDMAN, Individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>and<br><br>GARY SMITH, Individually and on behalf of all others similarly situated, and EMPLOYEES' RETIREMENT SYSTEM OF THE CITY OF PROVIDENCE,<br><br>      Consolidated Plaintiffs,<br><br>v.<br><br>SPIRIT AEROSYSTEMS HOLDINGS, INC., THOMAS C. GENTILE, III, JOSE GARCIA, and JOHN GILSON,<br><br>      Defendants/Consolidated Defendants. | Case No. 20-CV-0054-CVE-JFJ<br>**BASE FILE**<br><br>Consolidated with:<br>Case No. 20-CV-0077-CVE-FHM<br><br>and<br><br>Case No. 20-CV-0117-CVE-FHM |

## ORDER

This matter comes on for consideration of the following motions: Motion of Meitav Dash Provident Funds and Pension, Ltd. for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Dkt. ## 6, 7); Motion of Gary Smith for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel (Dkt. ## 9, 10); and the Motion of City of Miami Fire Fighters' and Police Officers' Retirement Trust for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (Dkt. ## 12, 13).[1] The same motions have been also been filed in two other putative class actions against the same defendants. See Gary Smith

---

[1] Unless otherwise noted, all citations to items on the docket sheet are to the lowest-numbered case, 20-CV-054-CVE-JFJ.

v. Spirit Aerosystems Holdings, Inc., 20-CV-077-CVE-FHM, Dkt. ## 13, 15, 18 (N.D. Okla.); Employees' Retirement System of the City of Providence v. Spirit Aerosystems Holdings, Inc. et al., 20-CV-117-CVE-FHM, Dkt. ## 6, 8, 11 (N.D. Okla). Each of the motions was filed by a purported class member[2] in response to notice published by the Rosen Law Firm on February 10, 2020. Dkt. # 7-4. The Rosen Law Firm represents Jacob Goldman, the plaintiff in the first-filed case, and the notice advised any person or entity wishing to serve as lead plaintiff in a class action lawsuit against Spirit Aerosystems Holdings, Inc. that any such motion must be filed no later than April 10, 2020.

Meitav Dash Provident Funds and Pension Ltd. (Meitav) and City of Miami Fire Fighters' and Police Officers' Retirement Trust (Miami FFPO) are purported class members who seek to serve as lead plaintiff, and Meitav and Miami FFPO each request that their chosen attorneys be appointed as lead counsel. Gary Smith, the named plaintiff in Case no. 20-CV-0077-CVE-FHM, also seeks to be named lead plaintiff and requests that his attorney be appointed as lead counsel. The movants have stipulated that all three cases involve common questions of fact and law, and the Court finds that consolidation of the cases will conserve the Court's and the parties' resources. Dkt. # 16, at 4. The parties have stipulated that Meitav should be appointed lead plaintiff and that Meitav's attorneys, Labaton Sucharow LLP, should be appointed as lead counsel. Id. at 5-6. The parties have also agreed that Kessler Topaz Meltzek & Check, LLP and Pomerantz LLP should serve as additional counsel and that Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C. should serve as

---

[2]   Under 15 U.S.C. § 78u-4(a)(3)(B), any purported class member may seek to be named as lead plaintiff, even if they are not a named party in any pending litigation. There is a rebuttable presumption that most adequate plaintiff is the party with the largest financial interest in the litigation and who can satisfy the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii).

liaison counsel. The parties are advised to use the case caption from this Order and to follow the filing instructions for consolidated cases as stated below.[3]

**IT IS THEREFORE ORDERED** that the Motion of Meitav Dash Provident Funds and Pension, Ltd. for Consolidation, Appointment as Lead Plaintiff and Approval of Selection of Lead Counsel (Dkt. ## 6, 7) is **granted**. The motions filed by Meitav in case no. 20-CV-0077-CVE-FHM (Dkt. # 13) and case no. 20-CV-0117-CVE-FHM (Dkt. # 6) are also **granted**.

**IT IS FURTHER ORDERED** that Motion of Gary Smith for Consolidation, Appointment as Lead Plaintiff, and Approval of Counsel (Dkt. ## 9, 10) and the Motion of City of Miami Fire Fighters' and Police Officers' Retirement Trust for Consolidation of Related Actions, Appointment as Lead Plaintiff, and Approval of Selection of Counsel (Dkt. ## 12, 13) are **granted in part** and **denied in part**: Smith and Miami FFPO's requests to consolidate the putative class actions are granted, but the motions are denied in all other respects. The motions filed by Smith and Miami FFPO in case no. 20-CV-0077-CVE-FHM (Dkt. ## 15, 18) and case no. 20-CV-0117-CVE-FHM (Dkt. ## 8, 11) are also **granted in part** and **denied in part** in the same manner.

**IT IS FURTHER ORDERED** that:

1. Case Nos. 20-CV-0054-CVE-JFJ, 20-CV-0077-CVE-FHM, and 20-CV-0117-CVE-FHM are **consolidated** in their entirety.

2. Case No. 20-CV-0054-CVE-JFJ is designated as the **base file**.

---

[3] To the extent that parties ask the Court to change the case caption, the Court notes that there are three pending cases and the Court cannot simply disregard the identity of the plaintiffs actually named in the complaints in each case. See Dkt. # 16, at 5-6. The Court also declines to adopt the additional filing procedures stipulated to by the parties for any additional putative class actions that may be filed, and the parties are advised that the Court Clerk is not obligated to follow the notice procedures proposed by the parties.

    3.    All further pleadings, motions and other documents shall bear only the title and designation of Case no. 20-CV-0054-CVE-JFJ with the words "Base File" written below the case number, and all pleadings **shall be filed in the base file only**.

    4.    This Order shall be filed in Case Nos. 20-CV-0054-CVE-JFJ, 20-CV-0077-CVE-FHM, 20-CV-0117-CVE-FHM.

**IT IS FURTHER ORDERED** that Meitav is appointed to serve as lead plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B).

**IT IS FURTHER ORDERED** that Meitav's selection of Labaton Sucharow LLP as lead counsel for the putative class is approved pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v). Lead counsel shall have the authority to speak for all plaintiffs and class members in all matters regarding the litigation, including, but not limited to, pre-trial proceedings, motion practice, trial, and settlement. Lead counsel shall make all work assignments in such a manner as to facilitate the orderly and efficient prosecution of this litigation, and to avoid duplicative or unproductive effort. Additionally, lead counsel shall have the following responsibilities:

    a.    to brief and argue motions;

    b.    to initiate and conduct discovery, including, but not limited to, coordination of discovery with defendants' counsel, and the preparation of written interrogatories, requests for admissions, and requests for production of documents;

    c.    to direct and coordinate the examination of witnesses in depositions;

    d.    to act as spokesperson at pretrial conferences;

    e.    to initiate and conduct any settlement negotiations with defendants' counsel;

    f.    to consult with and employ experts;

  g.  to receive and review periodic time reports of all attorneys on behalf of plaintiffs, to determine if the time is being spent appropriately and for the benefit of plaintiffs, and to determine and distribute plaintiffs' attorneys' fees; and

  h.  to perform such other duties as may be expressly authorized by further order of this Court.

**IT IS FURTHER ORDERED** that Kessler Topaz Meltzer & Check, LLP and Pomerantz LLP are approved to serve as additional counsel and Hall, Estill, Hardwick, Gable, Golden & Nelson, P.C. are approved to serve as liaison counsel. See Dkt. # 16, at 6.

**DATED** this 23rd day of April, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE